HONORABLE RUSSELL G. CONOVER, JUDGE OF THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF OCEAN, IN THE STATE OF NEW JERSEY, PROSECUTOR, v. D. FREDERICK BURNETT, STATE COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL, AND THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, A CORPORATION, DEFENDANTS.

Argued May 5, 1937—Decided August 6, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Ira F. Smith* and *Frederic M. P. Pearse.*

For D. Frederick Burnett, *Nathan L. Jacobs.*

For Great Atlantic and Pacific Tea Company, *J. Raymond Tiffany.*

BODINE, J. The Great Atlantic and Pacific Tea Company operates a chain of stores for the sale of food product at retail. For sometime past, it has held six plenary retail liquor distribution licenses for certain of its stores located in Ocean county. In June of 1936, it applied to Judge Russell G. Conover, of the Ocean County Court of Common Pleas, for the renewal of these licenses. The application was denied, for the reason that the company habitually sold alcoholic beverages near and in some instances below the wholesale cost to local dealers, which circumstance might result in such dealers more easily engaging in illegal practices. The applicant then appealed to the commissioner of alcoholic beverage control whose action in ordering, after a hearing *de novo,* the issuance of the licenses is here challenged on *certiorari.* The powers of the commissioner are set forth in section 35, *Pamph. L.* 1935, *ch.* 257, *p.* 811, which is as follows: "The commissioner is hereby empowered and it is his duty to hear and conduct all appeals provided for by this act and thereupon to render written decisions stating conclusions and reason therefor upon each matter so appealed, and enter orders pursuant thereto. Said decisions and orders shall be binding upon all persons and shall be honored and forthwith executed by the other issuing authority. *The commissioner is hereby authorized to order the other issuing authority to issue a license when and if, after a hearing on the appeal of an applicant therefor, the commissioner shall decide that a license was improperly refused or improperly revoked by the other issuing authority;* to order the other issuing authority to suspend or revoke a license, or to forthwith terminate the suspension or cancel the revocation of a license, when and if,

after a hearing on appeal, the commissioner shall reverse the decision of the other issuing authority; to establish procedure and rules; and to make all findings, rulings, decisions and orders as may be right and proper and consonant with the spirit of this act. Where any order entered by the commissioner pursuant to any appeal taken under this act, except from the denial of a refund, is not honored and executed within ten (10) days after the date thereof, it shall be deemed self-executed and shall have the same force and effcet as though actually complied with by the other issuing authority."

The sale of intoxicating liquor is in a class by itself. *Paul* v. *Gloucester*, 50 *N. J. L.* 585, 595. The legislature, when it created the office of commissioner of alcoholic beverage control, used appropriate language to vest in that office comprehensive power to compel the issuance of licenses. Because the Great Atlantic and Pacific Tea Company may be able to undersell its competitors is no reason why it should be refused a license.

The ruling under review will be affirmed.